UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE E. SARMIENTO,<br><br>                              Petitioner,<br><br>v.<br><br>P. HORN, Warden, et al.,<br><br>                              Respondents. | Case No.: 25-cv-02023-AJB-MMP<br><br>**ORDER:**<br><br>**(1) SUMMARILY DISMISSING SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION;**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; AND**<br><br>**(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On August 4, 2025, Petitioner Jose E. Sarmiento ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a May 26, 2017 San Diego Superior Court judgment of conviction and resultant sentence of life without the possibility of parole plus 152 years in case number SCN346521, along with a request to proceed in forma pauperis ("IFP"). (Doc. Nos. 1–2.) On August 11, 2025, the Court denied Petitioner's request to proceed IFP and dismissed the Petition without prejudice on various grounds. (Doc. No. 3.) Petitioner has now paid

the filing fee and filed a First Amended Petition. (Doc. Nos. 6–7.) He has also filed a second Motion to proceed IFP. (Doc. No. 8.)

## **PETITION CHALLENGING JUDGMENT IN CASE NUMBER SCN346521 BARRED BY GATEKEEPER PROVISION**

This is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 2017 San Diego County Superior Court judgment of conviction in case number SCN346521. On May 18, 2020, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging this same 2017 judgment of conviction and sentence of life without the possibility of parole plus 152 years in case number SCN346521, of which the Court takes judicial notice. (*See* Doc. No. 1 in *Sarmiento v. Pfeiffer*, S.D. Cal. Case No. 20-cv-00930-WQH-AGS; *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").) On November 9, 2022, the Court denied that petition on the merits with prejudice. (*See* Doc. No. 45 in S.D. Cal. Case No. 20-cv-00930-WQH-AGS.)

In the instant Petition, Petitioner again indicates he seeks to challenge the same 2017 judgment of conviction, which he again indicates resulted in a sentence of life without the possibility of parole plus 152 years. (*See* Doc. No. 7 at 1.) Petitioner acknowledges that this is not his first federal petition for a writ of habeas corpus challenging that judgment of conviction. (*See id*. at 5.) "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition).

Even were Petitioner able to demonstrate that his petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)–(B), Petitioner must still first obtain authorization from the Ninth

Circuit Court of Appeals to file a petition in this District. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals."). In the instant case, Petitioner indicates that he has not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition (*see* Doc. No. 1 at 5), and the Court's review of the Ninth Circuit's electronic docket similarly does not reflect that Petitioner has sought or obtained such permission from the Ninth Circuit. Accordingly, this Court lacks jurisdiction to consider the instant federal Petition.

## MOTION TO PROCEED IFP

Because Petitioner has paid the $5.00 filing fee, his second Motion to proceed IFP is **DENIED** as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A), (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the instant case, because Petitioner previously filed a petition challenging his 2017 San Diego County judgment of conviction which was denied on the merits, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A);

28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

## CONCLUSION

Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition challenging his 2017 judgment of conviction in San Diego Superior Court case number SCN346521, this Court cannot consider the Petition. Accordingly, the Court **DISMISSES** this habeas action without prejudice to Petitioner filing a petition in this Court challenging that judgment of conviction if he obtains the necessary order from the Ninth Circuit Court of Appeals. The Court **DENIES** Petitioner's second Motion to proceed IFP (Doc. No. 8) and **DECLINES** to issue a COA. The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 19, 2025

Hon. Anthony J. Battaglia
United States District Judge